***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

**Electronically Filed
Supreme Court
SCAP-16-0000337
28-JUN-2018
08:36 AM**

SCAP-16-0000337

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

DONALD B. MARKS,
Petitioner-Appellant,

vs.

STATE OF HAWAI'I,
Respondent-Appellee.

---

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CAAP-16-0000337; S.P.P. NO. 14-1-0008; CR. NO. 02-1-2410)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson JJ.)

Petitioner-Appellant Donald B. Marks appeals from the Circuit Court of the First Circuit's (circuit court)[1] October 21, 2014 Order Denying Motion to Withdraw No Contest Plea Pursuant to

---

[1] The Honorable Richard K. Perkins presided.

HRPP Rule 32(d)[2] and February 17, 2016 Order Denying Motion for Correction of Illegal Sentence Pursuant to HRPP Rule 35(a).[3]

In 2002, Marks was indicted for murder in the second degree, and subsequently entered a no contest plea. The State filed a motion for extended term of imprisonment as a persistent offender pursuant to HRS §§ 706-661(1) (Supp. 2003) and 706-662(1) (Supp. 2003). The circuit court granted the State's motion, finding that he was "a persistent offender whose imprisonment for an extended term of life WITHOUT the possibility of parole is necessary for the protection of the public," citing the increase in the severity of crimes in Marks's criminal history, his extensive drug and alcohol abuse, and his abuse of his ex-wife. In granting the State's motion, the circuit court sentenced Marks on November 16, 2004 to imprisonment for life without the possibility of parole. Defense counsel for Marks did not appeal his conviction and sentence.

In 2005, Marks filed his first Hawaiʻi Rules of Penal Procedure (HRPP) Rule 40 petition, arguing that his counsel was ineffective for failing to object to and appeal his extended term sentence based on Apprendi v. New Jersey, 530 U.S. 466 (2000),

---

[2]    The circuit court styled this order as: "ORDER DENYING MOTION TO WITHDRAW NO CONTEST PLEA PURSUANT TO HRPP RULE 32(d) AND GRANTING HEARING ON MOTION FOR CORRECTION OF ILLEGAL SENTENCE PURSUANT TO HRPP RULE 35(a)."

[3]    The circuit court styled this order as: "ORDER DENYING MOTION FOR CORRECTION OF ILLEGAL SENTENCE PURSUANT TO HRPP RULE 35(a) (NONCONFORMING PETITION FOR POST CONVICTION RELIEF)."

2

and Blakely v. Washington, 542 U.S. 296 (2004). The circuit court denied Marks's petition, finding that Hawaii's extended term sentencing scheme did not violate Apprendi or Blakely. Marks appealed to the ICA, but the appeal was dismissed due to Marks's failure to file an opening brief.

In 2009, Marks filed a second HRPP Rule 40 petition, reiterating the arguments in his first petition and additionally arguing that: (1) HRS § 706-662 was unconstitutional; (2) he agreed to change his plea to no contest because the State "personally guaranteed" him that it would not seek an extended term of imprisonment; and (3) his indictment was defective because it did not state that he would receive an extended term sentence. The circuit court denied Marks's second petition, and Marks appealed.

In a summary disposition order, the ICA determined that "Marks [was] not entitled to collaterally attack his sentence on the ground that a judge, and not a jury, made the findings necessary for the extended term sentence." The ICA further held that Marks's remaining claims were without merit. Accordingly, the ICA affirmed the circuit court's denial of his second petition. We rejected Marks's application for writ of certiorari.

In 2014, Marks filed a motion for correction of illegal sentence pursuant to HRPP Rule 35, arguing that his sentence was

3

illegal in violation of Apprendi and Blakely. The State, in its response, conceded that Marks's sentence was illegal.

Subsequently, Marks filed a motion to withdraw no contest plea pursuant to HRPP Rule 32(d), arguing that his change of plea was "not voluntarily made with full understanding of the consequences" because his counsel mislead Marks to believe that the State would not seek an extended term sentence.

The circuit court treated both motions as non-conforming HRPP Rule 40 petitions. The circuit court denied Marks's motion to withdraw his no contest plea and granted a hearing on the motion for correction of illegal sentence.

In denying Marks's motion to withdraw no contest plea, the circuit court determined: (1) that Marks's claims were either waived or raised and ruled upon in prior HRPP Rule 40 petitions; (2) there were no extraordinary circumstances to justify Marks's failure to raise the claims previously; and (3) the motion was without merit, patently frivolous, and without a trace of support in the record.

The circuit court ultimately denied Marks's motion for correction of illegal sentence, rejecting the State's concession and determining that "a defendant sentenced to an extended term that became final after Apprendi but prior to Blakely or Booker is not entitled to relief on collateral attack." The circuit court also determined that Marks's remaining claims were without

4

merit.

Marks appealed to the ICA challenging the circuit court's denial of both motions. Marks argued that his no contest plea was neither knowingly nor intelligently given. Marks also argued that his extended term sentence was illegal under Apprendi.

In response, the State again conceded that Marks's extended term sentence was illegal and also argued that Marks's remaining claims were previously raised and ruled upon or waived. Marks replied that the State's concession did not inhibit his right to litigate on remand the defects in the charging, entry of plea, and sentencing procedures.

Marks applied for transfer to this court, which we granted.

First, we address Marks's motion to withdraw no contest plea under HRPP Rule 40. HRPP Rule 40 provides that "Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived."

In his second HRPP Rule 40 petition, Marks argued in his supplemental petition that he agreed to change his plea after the State "personally guaranteed" that it would not seek an extended term of imprisonment. The circuit court denied Marks's second HRPP Rule 40 petition, the ICA affirmed, and this court

5

denied Marks's application for writ of certiorari. In Marks's motion to withdraw no contest plea, he makes essentially the same argument that he made in his second petition, again alleging that Marks agreed to change his plea after the State promised not to seek an extended term sentence.[4] Thus, we hold that Marks's motion to withdraw no contest plea was raised and ruled upon in a prior HRPP Rule 40 petition. Accordingly, we affirm the circuit court's denial of Marks's motion to withdraw no contest plea.

Second, we address Marks's motion for correction of illegal sentence. In Flubacher, we recently stated:

> [W]e hold that the line of demarcation is Apprendi, not Booker or Cunningham, in determining whether extended term sentences imposed without jury findings are subject to collateral attack. Accordingly, we correct the conclusion in Loher and subsequent opinions that the legal landscape only became clear after Apprendi (2000), Blakely (2004), and Booker (2005), were taken together. To the extent that our prior opinions and the ICA's prior opinions are contrary to our holding, they are now overruled. Here, a judge, and not a jury, made the required finding that Flubacher's extended term sentence was necessary for the protection of the public. That required finding exposed the defendant to a greater punishment than that authorized by the jury's guilty verdict. Therefore, Flubacher's extended term sentences were imposed in an illegal manner because they violate Apprendi.

Flubacher v. State, 142 Hawaiʻi 109, 118-19, 414 P.3d 161, 170-71 (2018) (citations, quotation marks, and brackets omitted).

---

[4] The only difference between the two claims is that Marks now specifies that it was his counsel that informed him of the State's alleged agreement.

Here, a judge, and not a jury, determined in 2004 that Marks's extended term sentence was necessary for the protection of the public, which is contrary to our holding in <u>Flubacher</u>. Therefore, we conclude that Marks's extended term sentence was imposed in an illegal manner, and vacate the circuit court's order denying the motion for correction of illegal sentence with regards to the extended term sentence.

For the foregoing reasons, we:  (1) vacate in part the October 21, 2014 Order Denying Motion to Withdraw No Contest Plea Pursuant to HRPP Rule 32(d) solely as to the extended term sentence, (2) vacate in part the circuit court's February 17, 2016 Order Denying Motion for Correction of Illegal Sentence Pursuant to HRPP Rule 35(a) solely as to the extended term sentence, (3) vacate in part the circuit court's November 8, 2004 Judgment in Cr. No. 02-1-2410 solely as to the extended term sentence, (4) vacate the circuit court's November 16, 2004 Order Granting Motion for Extended Term of Imprisonment as a Persistent Offender, and (5) remand this case for further proceedings consistent with this opinion.  We affirm the circuit court's October 21, 2014 Order Denying Motion to Withdraw No Contest Plea Pursuant to HRPP Rule 32(d) and February 17, 2016 Order Denying

Motion for Correction of Illegal Sentence Pursuant to HRPP Rule 35(a) with respect to all other claims.

DATED:  Honolulu, Hawaiʻi, June 28, 2018.

David Glenn Bettencourt
for appellant

Sonja P. McCullen
for appellee

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

